# EXHIBIT 11

**Filed in Open Court**

FEB 28 1995

*[signature]*
CLERK LAKE SUPERIOR COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | LAKE SUPERIOR COURT |
| | ) SS: | ROOM NUMBER ONE |
| COUNTY OF LAKE | ) | HAMMOND, INDIANA |

MARK L. McDANIEL,        )
                         )
         Plaintiff,      )
                         )
    vs.                  )  Case No. 45D01-9410-CT-1210
                         )
ELI LILLY AND COMPANY,   )
                         )
         Defendant.      )

### DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

#### INTRODUCTION

This is a product liability action involving the prescription drug diethylstilbestrol ("DES"), an unpatented synthetic estrogen used for decades to treat a variety of conditions, including the treatment of cancer and the prevention of miscarriages. Plaintiff Mark McDaniel ("plaintiff") filed this action against Eli Lilly and Company ("Lilly"), an Indiana corporation, on October 31, 1994, alleging that Lilly is liable for injuries sustained as a result of his mother's, Jane McDaniel's, ingestion of DES during her pregnancies with his siblings in 1953-54, 1956-57 and 1959-60. <u>Plaintiff does not contend that his mother ingested DES during her pregnancy with him.</u> Indeed, plaintiff was born in 1963, three years <u>after</u> his mother allegedly last ingested DES.

11000036

Based on the allegations in plaintiff's Complaint at Law, plaintiff's mother last ingested DES on January 20, 1960. Plaintiff, however, did not file suit until over 34 years later, in 1994. Pursuant to Indiana's statute of repose, Ind. Code § 33-1-1.1-5, plaintiff's failure to file suit within 10 years from the date his mother allegedly last took DES bars plaintiff from pursuing his claims in this case. Accordingly, Lilly is entitled to judgment as a matter of law on all of plaintiff's claims.

## LAW AND ARGUMENT

### I. PLAINTIFF'S CLAIMS ARE BARRED BY INDIANA'S STATUTE OF REPOSE

Plaintiff's claims, which are based on use of a product by his mother more than 34 years ago, are barred by Indiana's statute of repose. Specifically, I. C. 33-1-1.5-5 provides that "any product liability action in which the theory of liability is negligence or strict liability in tort . . . must be commenced within two (2) years after a cause of action accrues <u>or within ten (10) years after the delivery of the product to the initial user or consumer.</u>" (emphasis added.) I.C. 33-1-1.5-5 applies regardless of the status of the plaintiff: "This section applies to all persons regardless of minority or legal disability." I. C. 33-1-1.5-5(a).

The phrase "delivery of the product to the initial user or consumer" has been interpreted by Indiana courts to mean that the ten-year limitation period begins to run when the allegedly

defective product is <u>delivered</u> to the <u>initial</u> user, regardless of how the plaintiff is eventually injured. See, e.g., <u>Daque v. Piper Aircraft Corp.</u>, 418 N.E.2d 207 (Ind. 1981); <u>Ferguson v. Modern Farm Systems, Inc.</u>, 555 N.E.2d 1379 (Ind. App. 1990). For example, in <u>Ferguson</u>, plaintiff sued the manufacturer, installer and owner of a grain storage bin for injuries sustained when he fell off a ladder affixed to the side of the bin. The manufacturer delivered the grain bin components to the installer on September 4, 1974. Plaintiff was injured on October 27, 1984, and filed suit on March 12, 1985. Relying on the plain meaning of I.C. 33-1-1.5-5, as expressed by the Indiana legislature, the court affirmed the trial court's order of summary judgment in favor of the defendants:

> Applying the plain meaning of the statute to the given facts of this case, the statute of repose commenced running when [the manufacturer] <u>delivered</u> the grain bin components to [the installer] on September 4, 1974. [The installer] is the initial user or consumer because he was the first entity to utilize the component when constructing the grain bin. The injury of October 27, 1984 occurred more than ten years after that delivery. Unfortunately, lines must be drawn somewhere, and this line was so drawn by the legislature as to bar [plaintiffs'] claims even though by a narrow margin.

555 N.E.2d at 1386 (emphasis in original).[1]

---

1. In 1981, the legislature and the Indiana Supreme Court drew a different line as to application of the statute of repose in cases involving protracted exposure to asbestos, an inherently dangerous foreign substance. In such cases, the ten-year (continued...)

In this case, as in Ferguson, I.C. 33-1-1.5-5 bars plaintiff's claims against Lilly. Plaintiff filed this action in 1994, alleging that he sustained injuries as a result of <u>delivery</u> to his mother, and his mother's <u>use</u> of, an allegedly defective product -- DES -- more than <u>34</u> years ago, in 1953-54, 1956-57 and 1959-60. Under the plain language of I.C. 33-1-1.5-5, as decreed by the Indiana legislature, delivery of the DES to plaintiff's mother -- the initial user -- triggered the running of the ten-year limitation period. Because plaintiff failed to file his action within ten years from the date of last delivery of the DES to his mother, 1960, plaintiff's claims are now time-barred.[2]

---

1. (...continued)
   statute of repose does not apply. See I.C. 33-1-1.5-5.5; Covalt v. Carey Canada, Inc., 543 N.E.2d 382 (Ind. 1989). This action follows a pattern of states excepting application of their statutes of repose in asbestos cases. See, e.g., Conn. Gen. Stat. Sec. 52-577a(e); Kan. Stat. Ann. Sec 60-3303(d); Neb. Rev. Stat. Sec. 25-224(5); Tenn. Code Ann. Sec. 29-28-103. <u>None</u> of these states have extended this exception to cases involving DES.

2. Such a result is consistent with other courts which have interpreted similar statutes of repose as barring claims for alleged DES-related injuries asserted beyond the time allowed by the statutes of repose. See, e.g., Mathis v. Eli Lilly and Company, 719 F.2d 134 (6th Cir. 1983) (Tennessee's 10-year statute of repose not unconstitutional and bars plaintiff from proceeding on her claims allegedly arising out of her mother's ingestion of DES in 1955); Lester v. Eli Lilly and Company, 698 F. Supp. 843 (D. Kan. 1988) Aff'd, 893 F.2d 1340 (10th Cir. 1990), (plaintiff barred by Kansas' 10-year statute of repose where plaintiff filed suit more than 10 years after her mother allegedly ingested DES in 1960); Brown v. Eli Lilly and Company, 690 F. Supp. 857 (D. Neb. 1988) (Nebraska's 10-
(continued...)

## CONCLUSION

The undisputed facts from plaintiff's own allegations show that plaintiff's claims are time-barred under Indiana's statute of repose. Accordingly, Lilly respectfully requests the Court enter summary judgment in favor of Lilly and against plaintiff, and grant Lilly such other and further relief as the Court deems just and proper.

Respectfully submitted,

SINGLETON, CRIST, PATTERSON & AUSTGEN

By: _____
Michael Sears, Atty. # 2108-45
9245 Calumet Avenue, Suite 200
Munster, Indiana 46321
PHN: 219-836-0200

ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY

---

2. (...continued)
   year statute of repose not unconstitutional and bars plaintiff from proceeding on her claims brought more than 10 years after her mother's ingestion of DES in 1960).